■    T. K. R. INDUSTRIES, Appellant, v BERTHA APPLEBY et al., Respondents.—In an action to rescind two deeds executed by plaintiff, the appeal is from an order of the Supreme Court, Suffolk County, dated May 10, 1977, which, *inter alia,* granted defendants' motion for summary judgment. Order affirmed, with $50 costs and disbursements, on the opinion of Mr. Justice Lazer at Special Term. Cohalan, J. P., Titone, Hawkins and Suozzi, JJ., concur.

■    RICHARD D. VALENTI et al., Respondents, v A & P STORE FRONTS, INC., et al., Appellants.—In an action to recover damages for breach of contract and for the negligent and improper performance of certain work pursuant to the contract, defendants appeal from so much of a judgment of the Supreme Court, Suffolk County, dated May 12, 1976, as, after a nonjury trial, is in favor of plaintiffs and against defendant A & P Store Fronts, Inc., in the amount of $6,424.06, plus interest and costs. Judgment modified, on the law and the facts, by reducing the amount of the principal award by $300. As so modified, judgment affirmed insofar as appealed from, with costs to plaintiffs, and action remitted to Special Term for entry of an appropriate amended judgment in accordance herewith. The parties' agreement indicated that the corporate defendant was to supply and install an attic fan in plaintiffs-respondents' home at a cost of $300; it appears that an additional amount was charged for supplying an electrical connection for the fan. Although plaintiffs' contractor testified that when he inspected plaintiffs' home he saw no such fan, plaintiff Richard Valenti admitted that the fan had in fact been installed, but that the electrical work had not been done. Plaintiffs' contractor stated that he would charge $500 for the installation of such a fan and the necessary electrical work, and that amount was fully charged against the defendant corporation by the trial court. We think this was error. We may fairly assume that the difference between these two figures is the cost of the electrical connection admittedly not supplied by the defendant corporation and that, therefore, this amount was properly chargeable to it. However, it appears that the fan was provided and installed, that the defendant corporation is entitled to be paid for it, and that it should not be required to pay twice for the same item. We have considered the other alleged errors raised by defendants on appeal and have found them to be without merit. Except as hereinabove set forth, the opinion and judgment of the trial court are supported by the record on appeal. Latham, J. P., Cohalan, Rabin and Hawkins, JJ., concur.